In the Matter of the Estate of MOSES ALLEN STARR, Deceased.

Surrogate's Court, New York County, October 7, 1935.

*Spencer, Ordway & Wierum,* for the executors.

*Stewart & Shearer,* for the trustee.

*John Godfrey Saxe,* for the Trustees of Columbia University in the City of New York.

DELEHANTY, S.   On this accounting four questions are presented respecting the apportionment of Federal and New York State estate taxes.

Three require only brief comment. The tax on the value of the annuities must be paid in the first instance out of the fund set aside to produce them. The payment so made is to be reimbursed to the estate according to the rule in *Matter of Tracy* (179 N. Y. 501). The note appended to section 124 of the Decedent Estate Law when it was presented to the Legislature by the Commission to Investigate Defects in the Law of Estates makes it clear that the former rule respecting the tax on annuities was continued. If the parties voluntarily agree upon a method for reimbursement which will ease the burden upon the annuitants the court will approve such consented program. In computing the base for apportionment the audited values of the property as of the death of the testator are to be taken.

The remaining question requires more extended comment. Under the terms of the will the residuary estate is divided into two equal parts. As to one of such parts, there are granted certain life interests to two named persons and the remainder is given to named charities. As to the other half, life interests are granted and the remainders are directed to be paid over in certain contingencies to individuals with proviso that if at the time of distribution no individual exists who answers the description in the will the principal is to pass to certain named charities. The fixed character of the remainder interest of the charities in the one case and the wholly contingent character of the interest of the charities in the other has resulted in a ruling, correctly made by the taxing authorities, that the value of the remainder interest vested in the charities which take the principal of the one-half must be deducted from the gross estate before computing taxes but that no deduction is permissible by reason of the wholly contingent right of succession by the charities in respect of the other half.

The question now presented is whether in the apportionment of the taxes already paid by the executors there shall be exacted from the capital of each trust an equal share of so much of the tax as is allocable to the residue of the estate; or whether in respect of the half of which the remainder vests in all events in charities there should be an apportionment of a lighter burden so as to retain for it the advantage of the fact that in the computation of the total tax the value of the remainder vested in the charities was deducted.

Unless recognition is given to the fact that deduction of the value of the remainder vested in the charities has resulted in a lessened total tax on the residuary and unless the source of the deduction resulting in such lessened total tax is taken into account in the apportionment of the taxes the result will be that each half of the residue of the estate will bear an equal burden of the tax though as

to one-half only a portion of the property (*i. e.*, the value of the life estates in it) was actually considered as subject to tax.

Equality of tax burden would have three effects, none of which is justified by the will or by fair treatment of the interests involved. *First*, it would in effect write into this will a direction that the tax be treated as an administration expense and be deducted before the division of the residuary into equal shares. Nowhere in the will is there anything which justifies that method of placing the tax burden. *Second*, it would force that half of the residuary in which the charities share in all events to pay a tax computed on property within that half not included for taxation and in effect would deprive such charities of most of the benefit of the credit which the Tax Law grants to charitable gifts. *Third*, it would give to that portion of the residuary share entitled to no exemption and hence taxed upon its entire value a means of escape from part of the tax actually caused by the property value in such share.

The direction in section 124 of the Decedent Estate Law is that the tax " shall be equitably prorated among the persons interested in the estate." The section continues: " Such proration shall be made by the surrogate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for *any deductions* allowed by such act for the purpose of arriving at the value of the net estate." This statutory rule of apportionment may be simply paraphrased by saying that it requires the actually taxed property to pay the tax in fair proportions.

It is plain on the facts here that in respect of one-half of the residuary only so much of its value as represented the value of the life estates in that share has been taxed at all. It is equally clear in respect of the other half of the residuary that its entire value has been taxed. Since the taxed property should pay the tax and since the taxed property comprises (a) the entire value of the one-half of the residuary plus (b) the value of the life interests only in the other half, the burden of the tax apportioned to the residuary should be borne by the respective residuary trusts in the proportions fixed by the ratio which the value of taxed portion of each share in the residuary bears to the total value of residuary property actually taxed.

Submit, on notice, decree settling the account accordingly.