In the Matter of the Estate of JACOB A. RAPPAPORT, Deceased.

Surrogate's Court, New York County, February 7, 1938.

*M. Carl Levine,* for the petitioner, Alfred M. Rappaport, as administrator, etc.

*Bernard G. Hildebrand,* for the Metropolitan Life Insurance Company.

*Solon Weit* [*Merwin F. Le Vine* of counsel], for the Prudential Insurance Company of America, respondent.

*Alexander & Green,* for the Equitable Life Assurance Society of the United States.

*Lamar Hardy, United States Attorney for the Southern District of New York* [*Jay Slonim* of counsel].

*Joseph T. Higgins,* United States Collector of Internal Revenue for the Third Collection District of New York.

*Moran, Galli & McGlinn,* for the Travelers Insurance Company.

*Ralph A. Armstrong,* for the Massachusetts Mutual Life Insurance Company.

FOLEY, S.  This is an application by the administrator, pursuant to the provisions of section 124 of the Decedent Estate Law, to allocate and charge the Federal and New York estate taxes against the benefits under insurance policies which were included in the gross estate for tax purposes.  The constitutionality of that section and the power of this court to compel payment of the amounts due after equitable apportionment was sustained in *Matter of Scott* (158 Misc. 481), by my colleague, Mr. Surrogate DELEHANTY. His decision was affirmed by the Appellate Division and the Court of Appeals and certiorari was denied by the United States Supreme Court (249 App. Div. 542; affd., *sub nom. Northwestern Mutual Life Ins. Co.* v. *Central Hanover Bank & Trust Co.,* 274 N. Y. 538).

A new question is presented upon this application.  The decedent carried life insurance totaling $454,574.69 with various companies. Of this amount $72,187.48 was payable directly to eleven designated beneficiaries and the balance, amounting to $382,387.16, was to be retained by the insurance companies in accordance with the terms of the policies for periodical distribution to the beneficiaries. Most of the $72,187.48 paid outright to the beneficiaries was lost in a business venture, and it appears to be conceded that none of the beneficiaries receiving a portion of the $72,187.48 is able to pay his *pro rata* share of the estate taxes.  The administrator seeks to allocate and charge the total amount of the taxes due against the amount of insurance still in the hands of the insurance companies. In other words, the administrator, having failed to adequately secure by timely process the taxes due from the beneficiaries presently unable to pay, seeks to charge the remaining funds with the entire tax.  Specific objection to such a course is made by two of the insurance companies holding funds in which infants or persons presently unknown may have an interest.  They properly assert that the funds held by them may be charged only with their proportional share of the taxes based upon an equitable apportionment of taxes as if every person interested had paid his proportionate

share. This contention must be sustained as the provisions of section 124 of the Decedent Estate Law provide that the Federal and State taxes "shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. Such proration shall be made by the surrogate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate."

Section 124 of the Decedent Estate Law was drawn by the Decedent Estate Commission, appointed to investigate defects in the law of estates. The purpose, as explained in the footnote to the section (N. Y. Legis. Doc. 1930, p. 226, No. 69), was to relieve the residuary estate of the entire burden of the tax and provide " statutory authority for an equitable apportionment of the estate taxes — both Federal and State — as against all transfers of property included in the gross estate. The section as drafted authorizes the surrogate in an accounting or other appropriate proceeding (where all persons interested shall have been given notice) to hear the respective claims of the parties and to make an equitable proration or apportionment of the estate taxes. The decree of the surrogate may direct the payment by any transferee of the share of the taxes apportioned against such transferee." Under section 249-z of the Tax Law the primary liability for the payment of the tax is upon the estate representative and he cannot, because of his neglect to enforce payment against some of the beneficiaries, compel an excessive charge against others beyond an equitable apportionment.

The beneficiaries under some of the installment policies consent that the larger charge be made against their interests. The insurance companies holding the proceeds of these policies have indicated their willingness to pay the larger charge provided they are properly protected by formal consents of the parties. If consents of all persons interested in these contracts are obtained and the rights of infants are not involved, payment of the larger charge may be made by the insurance companies. The deduction of the tax from the funds in the hands of the insurance companies will necessitate an adjustment of the periodical payments to be made under the insurance policies. To effectuate this adjustment, the beneficiaries who have been furnished with certificates of interest or other indicia of interest are directed to surrender the same to the insurance companies for correction.

My decision necessarily deals only with the allocation of taxes and cannot in any way affect the rights of the United States govern-

ment or the State of New York to enforce payment, by way of lien or otherwise, of the total tax against any or all parts of the benefits included in the gross estate. The administrator is directed to submit a decree on notice containing the allocation required under this decision. If there be opposition to such proposed method of computation, a memorandum containing counter computations may be submitted in opposition. The computations should express in dollars, rather than in percentages, the exact amounts to be paid by the various insurance companies.

Proceed accordingly.