In the Matter of the Estate of EDWIN MAYER, Deceased.

Surrogate's Court, New York County, August 15, 1940.

*Moses & Singer*, for the executors.

*Emmet, Marvin & Martin*, for the Bank of New York and others, as trustees of a trust created by the decedent.

*Larkin, Rathbone & Perry*, for the Central Hanover Bank and Trust Company, trustee.

FOLEY, S. The executors in this accounting proceeding seek an apportionment of the Federal and State estate taxes pursuant to the provisions of section 124 of the Decedent Estate Law. There was included by the Federal government in the taxable estate a portion of an *inter vivos* trust created by the decedent in 1929. No part of this trust was included for tax purposes by the State taxing authorities. By reason of the inclusion, however, of this trust in the Federal proceeding the amount of tax paid to the State of New York was less than the eighty per cent credit allowed under the Federal act. In accordance, therefore, with the provisions of section 249-n of the Tax Law the executors were required to pay to the State an additional tax of $1,467.65, representing the difference between the original tax paid to the State and the eighty per cent

credit allowed by the Federal government. It is this additional tax and the Federal estate tax that the executors seek to apportion against the *inter vivos* trust.

The trustees of the *inter vivos* trust contend that section 124 of the Decedent Estate Law (added by Laws of 1930, chap. 709) is unconstitutional and cannot be invoked to impose upon their trust a proportion of the estate taxes. This contention is overruled. The constitutionality of section 124 of the Decedent Estate Law and the authority of this court to apportion thereunder estate taxes against trust funds and the proceeds of insurance contracts executed and entered into before its enactment have been upheld. (*Matter of Scott*, 158 Misc. 481; affd., 249 App. Div. 542; affd., 274 N. Y. 538; certiorari denied, *sub nom. Northwestern Mutual Life Ins. Co.* v. *Central Hanover Bank & Trust Co.*, 302 U. S. 721; *Matter of Ryle*, 170 Misc. 450; *Matter of Rappaport*, 167 id. 164.) The further contention of the trustees that the provision of the ninth paragraph of the trust indenture relieves the trust from contributing to the estate taxes is likewise overruled. That paragraph merely directs the payment from principal of certain Federal and State taxes. The omission of reference to estate taxes does not relieve the trust from bearing its proportionate share of the estate taxes pursuant to the provisions of section 124 of the Decedent Estate Law.

This case presents the novel question as to whether the *inter vivos* trust should bear any part of the additional tax imposed under section 249-n of the Tax Law. The additional New York estate tax of $1,467.65 resulted in part from the inclusion by the Federal government of the 1929 trust in the taxable estate. In accordance with the provisions of section 124 of the Decedent Estate Law directing an equitable apportionment, the 1929 trust must bear its proportionate share of this additional tax. A dispute also arises in respect of the proportion of the taxes chargeable to the *inter vivos* trust. While the Federal estate tax proceeding was pending a compromise was entered into between the executors and the government. The executors contend that under the agreement it was intended to include as taxable property $155,339.88 of the 1929 trust. Actually, however, only $73,513.27 of the trust was included and the difference amounting to $81,826.61 was accounted for by eliminating allowable deductions in that amount. Since only $73,513.27 of the 1929 trust was included in the taxable estate it is only this amount which must bear its proportionate share of the taxes. (*Matter of Ryle*, 170 Misc. 450; *Matter of Kaufman*, Id. 436.) As stated in the latter case by Mr. Surrogate DELEHANTY (at p. 445): " The court is bound by the actual fact of inclusion or exclusion of property by the taxing authorities." On these authorities no

portion of the taxes may be allocated to the *inter vivos* trust created by the decedent in 1924, no part of which was included in the taxable estate.

The proportion of the Federal estate taxes and the additional New York estate taxes chargeable to the 1929 trust is, therefore, represented by the fraction of which $73,513.27 is the numerator and the Federal net taxable estate of $1,088,834.50 is the denominator.

Submit decree on notice apportioning the taxes and settling the account accordingly.