In the Matter of the Will of George Blumenthal, Deceased. Mary A. B. Robertson et al., Appellants; Mount Sinai Hospital et al., Respondents.

Decree so far as appealed from affirmed, with costs to all parties appearing by separate attorneys and filing separate briefs payable out of the estate. No opinion. [182 Misc. 137.]

Martin, P. J., Glennon, Dore and Cohn, JJ., concur; Untermyer, J., dissents in part in opinion.

Untermyer, J. (dissenting in part). I concur in all respects in the opinion of the Surrogate except with respect to question No. 6. The donees of the *inter vivos* gifts which may be included as a part of the estate for tax purposes should not be required to contribute more than the amount of the additional tax which results from such inclusion. Otherwise the beneficiaries under the will profit unduly from the inclusion of these gifts by the taxing authorities at the expense of the donees of the *inter vivos* gifts. The provisions of section 124 of the Decedent Estate Law that taxes shall be "equitably pro rated" and that in making the proration credit must be given "for any deductions allowed", leads to the same result if it be remembered that the decedent necessarily allocated each of the gift taxes paid by him to the particular gift with respect to which such tax was paid. Although such allocation is not conclusive as between the estate and taxing authorities, it should be regarded as conclusive as between the donees and the estate over which the decedent had unlimited control.

The Surrogate appears to have assumed that the inclusion of the *inter vivos* gifts would increase the *rate* of tax, as indeed would frequently occur. The

record here, however, demonstrates that the inclusion of these gifts would have no effect on that rate.

The decree should be so modified as to question No. 6, and as modified, affirmed.