In the Matter of the Accounting of ROBERT C. BROWN, as Executor of GEORGE L. BUCKMAN, Deceased.

EMILY W. MACCORMACK et al., as Executors and Trustees under the Will of ROBERT S. MACCORMACK, Deceased, et al., Appellants; ISABEL KAY et al., Respondents.

First Department, May 31, 1946.

*William W. Pellet* for appellants appearing specially.

*Clarence B. Campbell* for Isabel Kay, Bertha Butman and Julia Kay, respondents.

GLENNON, J. George L. Buckman died on June 1, 1942, leaving a last will and testatment which was duly admitted to probate in the Surrogate's Court of New York County. In determining the tax liability of his estate the Federal tax authorities included in the gross estate 27½% of certain gifts totaling $293,516.28, made by the decedent in the years 1932, 1936 and 1938. The Federal estate tax was fixed in the amount of $59,691.07, less a credit of $2,601.57 for estate taxes paid to the State of New York, leaving a balance of $57,089.50 which was paid by the executor to the Collector of Internal Revenue on August 27, 1943.

Thereafter the executor instituted this proceeding for the judicial settlement of his account. Schedule " I " of the account

contains a statement of all estate taxes paid by the executor, together with a proposed apportionment of the taxes against the three residuary legatees. The latter filed objections to the proposed allocation of all estate taxes against them. They also objected to the payment by the executor of that portion of the Federal estate tax which had been computed upon the gifts made by the decedent in the years 1932 and 1936. During the hearing on the issues thus raised the Surrogate decided that for a final determination it was necessary to have before the court all those who had received gifts in 1932 and 1936. He therefore directed that the donees, not then parties to the proceeding, be brought in by service of a supplemental citation.

Among the donees were Robert S. MacCormack who had received a gift of $27,474.88 in 1932 and another of $25,000 in 1936, and Henry B. Hegeman to whom the decedent had made a gift of $27,441.68 in 1932. Neither of them received any legacy or other interest in the estate under the will of the decedent. Both of these donees died residents of the State of New Jersey. The appellants Emily W. MacCormack, Edith M. MacCormack and Robert S. MacCormack, Jr., all residents of New Jersey, are the executors and trustees of the estate of Robert S. Mac-Cormack and they are now administering that estate in the State of New Jersey. The appellant Marie Hegeman Warnock and Union County Trust Company were appointed executors of the estate of Henry B. Hegeman. The trust company rendered its final account as such executor and the residuary estate is now held by Marie Hegeman Warnock, a resident of New Jersey, as the remaining executor or as the sole residuary legatee.

The supplemental citation issued herein was directed, among others, to the executors and trustees of the estate of Robert S. MacCormack and to Marie Hegeman Warnock, individually and as surviving executor of the estate of Henry B. Hegeman. It required them, among other things, to show cause why their liability for taxes under section 124 of the Decedent Estate Law should not be adjudicated, and why any sums found due should not be paid by them or recovered from such persons as the Surrogate might find liable therefor. The citation was served upon the appellants by publication and they appeared specially for the purpose of objecting to the jurisdiction of the court. Their challenge to the court's jurisdiction was overruled and from that determination this appeal was taken.

Section 124 of the Decedent Estate Law provides for an equitable proration by the Surrogate of estate taxes among

the persons sharing in the taxable estate, in those cases where the testator does not otherwise direct in his will. Where property required to be included in the gross taxable estate does not come into the possession of the executor as part of the estate, the statute provides that the proportionate amount of the tax chargeable shall be recovered from " whomever is in possession, or from the persons interested in the estate \* \* \* and the surrogate may by order direct the payment of such amount of tax by such persons to the executor."

The power of the Surrogate to apportion estate taxes under the provisions of that section is not open to question. (*Matter of Scott*, 158 Misc. 481, affd. 249 App. Div. 542, affd. 274 N. Y. 538, certiorari denied *sub nom. Northwestern Mutual Life Ins. Co.* v. *Central Hanover Bank & Trust Co.*, 302 U. S. 721; *Riggs* v. *Del Drago*, 317 U. S. 95; *Y. M. C. A.* v. *Davis*, 264 U. S. 47; *Edwards* v. *Slocum*, 264 U. S. 61.) However, the validity of an adjudication under that section is dependent upon the acquisition of jurisdiction either in personam or in rem. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

The appellants, standing in the place of the donees, are " persons interested in the estate " within the meaning of the statute for the purpose of prorating and charging the estate taxes. However, before a valid determination may be made as to the extent of their liability for the estate taxes paid by the executor, there must be some *res* in existence upon which jurisdiction to direct payment of the amount of the taxes chargeable to them may be predicated. While the accounting proceeding in which the proration is sought to be made is a proceeding in rem over which the Surrogate has full and complete jurisdiction, the appellants have no interest in the accounting proceeding as such. They are in no way beneficially interested in the estate of George L. Buckman. They have no interest therein which may be diminished or destroyed, or against which a judgment or decree can operate. There being no assets of the appellants before the court, any liability imposed would not be binding upon them. As was pointed out in *Pennoyer* v. *Neff* (*supra,* 728) the jurisdiction of the court to inquire into and determine obligations in a proceeding in rem " is only incidental to its jurisdiction over the property."' (See, also, *Riverside Mills* v. *Menefee*, 237 U. S. 189.)

Insofar as the appellants are concerned the proceeding is one in personam. It is one in which a personal liability may be imposed upon them. They are in a sense potential debtors of the estate and their personal rights or obligations may not

be determined unless personal jurisdiction is first obtained. (*Matter of Matheson,* 265 N. Y. 81.)

Moreover the appellants as foreign executors may not be brought into a proceeding in which their obligations may be enlarged. (*Helme* v. *Buckelew,* 229 N. Y. 363; *McMaster* v. *Gould,* 240 N. Y. 379.)

The order so far as appealed from should therefore be reversed and the proceeding dismissed as to the appellants, with $20 costs and disbursements to the appellants payable out of the estate, and the matter remitted to the Surrogate of the County of New York for further action in accordance with this opinion.

CALLAHAN, J. (dissenting). The executor, pursuant to the requirements of law, paid the estate taxes from property in his possession. He is charged with the duty of recovering the proportionate amount of such taxes from persons possessing taxed property or interested in the estate. (Decedent Estate Law, § 124.) The appellants, or those they represent, were nonresident donees of gifts which were included in the gross taxable estate. As such they are persons beneficially interested in the estate. (Tax Law, § 249-m, subd. [g].) Estate taxes are a lien on all property included in the gross taxable estate. (U. S. Revenue Act of 1926, § 315, see U. S. Code, tit. 26, § 827; Tax Law, § 249-bb.) The executor, having paid the taxes, is deemed subrogated to the rights of the sovereigns. The property here which was subjected to the tax liens forms a *res* which gives the courts of this State jurisdiction of an equitable proceeding in rem to prorate and apportion the estate taxes. There can be no comprehensive apportionment without consideration of all of the taxed property. The proceeding could properly be brought upon notice to all interested in the estate, including nonresidents who hold part of the taxed property. Any decree procured could operate on the shares of the estate found here. We need not consider what further effect it would have either within or without the State. At least one of the nonresidents was cited individually. It was within the power of the Surrogate's Court to cite the individual nonresident donees for the purposes indicated. The present citation included such relief. Though the citation went further and included relief in personam, and was directed to foreign executors, this would not invalidate it as a whole. There was no application to limit the citation.

The order overruling the challenge to the court's jurisdiction should be affirmed.

MARTIN, P. J., TOWNLEY and PECK, JJ., concur with GLENNON, J.; CALLAHAN, J., dissents in opinion.

Order so far as appealed from reversed and the proceeding dismissed as to the appellants, with $20 costs and disbursements to the appellants payable out of the estate, and the matter remitted to the Surrogate of the County of New York for further action in accordance with the opinion of GLENNON, J. Settle order on notice.