60 So.2d 536 (1952)
In re FUCHS' ESTATE.
FLORIDA NAT. BANK & TRUST CO. AT MIAMI et al.
v.
FUCHS.
Supreme Court of Florida, Special Division B.
July 18, 1952.
Rehearing Denied August 12, 1952.
Ward & Ward, Miami, for appellants.
Padgett & Teasley, Miami, for appellee.
ROBERTS, Justice.
The question here is on the liability for the federal estate tax of that portion of a decedent's estate which qualifies as a "marital deduction" under the Revenue Act of 1948, Section 812(e) of the Internal Revenue Code, Title 26, U.S.C.A. Under the provisions of the 1948 Act, any interest in property passing from the decedent to the surviving spouse may be deducted in arriving at the decedent's net estate upon which the federal estate tax is computed. The marital deduction cannot, however, exceed 50 per cent of the "adjusted gross estate," which in turn is computed by subtracting from the gross estate the deductions permitted by Section 812(b) of the Internal Revenue Code.
The decedent in the instant case died on December 31, 1949, so that his executors in their estate tax return were authorized *537 to and did take a marital deduction based on an amount equivalent to the assets allotted to the widow as dower (the widow having dissented from the decedent's will and elected to take dower) and certain jointly owned property passing to the widow by right of survivorship. The total amount of the widow's share in the estate did not exceed 50 per cent of the "adjusted gross estate." The executors sought to hold the widow, the appellee here, liable for a portion of the federal estate tax, and the appellee thereupon filed in the County Judge's Court of Dade County, Florida, a petition for an order declaring that her share in her deceased husband's estate was not liable for any part of the federal estate tax. It was so ordered by the County Judge, the order was affirmed by the Circuit Court, and this appeal has been taken by the executors from such order of affirmance.
The Internal Revenue Code makes no provision for the distribution of the burden of the federal estate tax, except to provide that the tax shall be a lien on all of the property included in the decedent's gross estate, Section 827(a), Title 26, U.S.C.A.; and it was held in Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 110, 87 L.Ed. 106, that "the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; * * *." We must, then, look to the laws of this state for the answer to the question here presented.
Under the provisions of the Probate Act of 1933, Chapter 16103, Laws of Florida, Acts of 1933, F.S.A. § 731.01 et seq., the widow's dower came to her "free from all liability for the debts of the decedent, all estate and inheritance taxes and all costs, charges and expenses of administration". § 35. In 1939, however, at a time when the widow's dower was taxed to the same extent as the other interests passing upon the death of a decedent under the applicable provisions of the Internal Revenue Code (except in community property states), and in accordance with the rule of equitable apportionment of the federal estate tax obtaining in this state, Henderson v. Usher, 125 Fla. 709, 170 So. 846, the Legislature amended the 1933 Probate Act by deleting the above-quoted provision and providing that the widow's dower "shall be ratably liable with the remainder of the estate for all estate and inheritance taxes and all costs, charges and expenses of administration; * * *." Chapter 18999, Laws of Florida, Acts of 1939. This provision of the 1939 Act had not been expressly repealed or amended at the time of the death of the decedent in the instant case, and it is the contention of the appellants that this provision places upon the widow's dower liability for its proportionate part of the federal estate tax. If this were the sole legislative direction as to the impact of the federal estate tax on the widow's dower, this contention might be sustained. Cf.: Weinberg v. Safe Deposit & Trust Co. of Baltimore, Md., 85 A.2d 50.
But there is a later expression of the Legislature on the question of the incidence of the federal estate tax. In 1949, by Chapter 25435, Section 734.041, Florida Statutes, F.S.A., the Legislature enacted the so-called Apportionment Act providing that, unless the testator directs otherwise in his will, the tax "shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues * * * in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interest and benefits received by all such persons interested in the estate, * * *." This particular provision of the Apportionment Act was merely declaratory of the existing policy of this state, as heretofore noted. Henderson v. Usher, supra; Hagerty v. Hagerty, Fla., 52 So.2d 432.
But the Apportionment Act also provided that "in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate; * * *." (The emphasis is supplied.) This can only mean that the Legislature, in line with its declared policy of equitable apportionment of the tax, intended *538 to exempt from the impact of the tax those assets of the decedent's estate not included in the taxable "net estate" and the transfer of which did not add to the burden of the estate's federal estate taxes.
A similar conclusion was reached by the New York court in In re Peters' Will, Sur., 88 N.Y.S.2d 142, in construing an apportionment statute almost identical with the Florida Apportionment Act, and by the Kentucky court in Lincoln Bank & Trust Company, Executors, v. Huber, Ky., 240 S.W.2d 89, 91, in applying the rule of "equitable apportionment" under circumstances similar to those in the case at bar. The Kentucky court said: "It appears to us that the apparent purpose behind the enactment of the U.S.Code above [the Revenue Act of 1948, supra] was to equalize the estate tax in non-community property states, with that of community property states, and to prepare the way for elimination from the tax burden all those whose legacies or allotments do not create or add to the tax. Under the authority of In re Peters above, we conclude that if the marital allotment is a deductible item before arriving at the net taxable estate, and since that item does not add to the tax, it can not be burdened with any portion of the federal estate tax. The surviving spouse, therefore, should receive her share undiminished by any federal estate tax." Accord: Miller v. Hammond, 156 Ohio St. 475, 104 N.E.2d 9.
We hold, then that the provisions of the 1939 Act, Section 731.34, prior to its amendment in 1951, making the widow's dower ratably liable for the federal estate tax must be held to have been impliedly repealed by the 1949 Apportionment Act. Having been enacted by the Florida Legislature at its session immediately following the enactment of the Revenue Act of 1948 by the Congress, it is clear that the Legislature intended that the "marital deduction," as well as the other deductions and exemptions allowed in the federal estate tax act, should not bear the burden of the federal estate tax, but inadvertently failed to amend, specifically, Section 731.34 to conform with such intention. This omission was, however, corrected by the 1951 Legislature by Chapter 26582, which deleted from Section 731.34 that portion holding the widow's dower ratably liable for the tax and substituted therefor the following provision: "In any case where the dower interest of the widow shall have the effect of increasing the estate tax, her dower shall be ratably liable with the remainder of the estate for the estate taxes due by the estate of her deceased husband." As we construe the 1951 Act, it did not change the existing law, as that had already been done by implication; it merely clarified and made unmistakably clear its intention in providing in the Apportionment Act that allowances should be made for exemptions and deductions allowed in the federal estate tax act, as applied to the liability of the widow's dower for the tax.
For the reasons stated, the appellee was entitled to receive her dower interest and the jointly owned property free and clear of the federal estate tax, and the lower court did not err in so holding.
Affirmed.
SEBRING, C.J., MATHEWS, J., and REVELS, Associate Justice, concur.