Joseph A. Cox, S.
The will of the testatrix directs that taxes imposed “ upon or with respect to the legacies and devises provided in and by this will” be paid out of the residuary estate. This testamentary provision is a stipulation against the apportionment of estate taxes against any legatee or devisee but the provision does not operate to exonerate the donee of an inter vivos gift from liability for such portions of the estate taxes as may be found to be attributable to the inclusion of the inter vivos gift in the taxable estate (Decedent Estate Law, § 124).
The will bequeathed a legacy of $20,000 to one Helen Blake and the executors properly refrained from apportioning any part of the estate taxes against the legatee by reason of this legacy but the executors acted improperly in failing to assess the legatee with the portions of the estate taxes attributable *424 to the fact that the tax authorities included within the taxable estate an inter vivos gift which the testatrix had made to this legatee. The objection to the failure to make such allocation is sustained and the executors, who now recognize their obligation in this regard, will be held liable for the apportionable shares of the taxes.
The Blake legacy has been paid in full and the tax allocable to the inter vivos gift cannot be charged against the legacy at this late date. However, the legatee has been cited in this proceeding and the form of citation has given her explicit notice of the fact situation and as to the executors’ demand that she reimburse the estate for the amount of taxes apportionable to the inter vivos gift. The citation was personally served upon the legatee within the State and accordingly jurisdiction lies to enter a personal judgment against her (Matter of Buckman, 270 App. Div. 707, 710-711, affd. 296 N. Y. 915).
An intermediate decree may be submitted, on notice.