[Civ. No. 19528. Second Dist., Div. Three. Sept. 4, 1953.]

Estate of MORRIS BUCKHANTZ, Deceased. JEANETTE BUCKHANTZ et al., Respondents, v. FRIEDA DAVIDSON et al., Appellants.

94

Zagon, Aaron & Sandler, Raymond C. Sandler and Nelson Rosen for Appellants.

W. R. Hervey, Jr., Edward Hervey, Maxwell J. Fenmore and Morris J. Pollack for Respondents.

VALLEE, J.—Appeal from an order of the probate court apportioning the federal estate tax.

Morris Buckhantz died testate on March 18, 1950, and his will was admitted to probate. All property in which Buckhantz had an interest was community property of himself and his wife, Jeannette. The will disposed of all the community property and required Jeannette to elect whether she would accept the provisions of the will or "the rights which might be given her by law." It bequeathed and devised the property to Jeannette, a sister, various relatives, employees and charitable institutions. The residue was given to a trust company in trust with directions to apportion it into three equal parts without physical segregation; Jeannette was given the income from two parts for life with power of appointment of those parts, and the sister was given the income from one part with the remainder of that part to her sons. The will made no provision or direction as to the federal estate tax.[1]

On June 1, 1951, during administration of the estate, Jeannette entered into an agreement with the other legatees and devisees by which she agreed that she "will elect and does hereby elect to accept the provisions of the will of Morris Buckhantz, deceased, as said will is now admitted to probate, and will make no claim as against its provisions on account of any community property rights which she may have." The agreement was approved by the probate court.

On June 15, 1951, the executor filed its federal estate tax return with the collector of internal revenue, reporting a gross

[1]The will contained the following provision directing the trustee in the administration of the trust estate: Fifth: "(o) If the whole or any part of the Trust Estate, or the proceeds or avails thereof, shall become liable for the payment of any tax, charge or assessment which said Trustee shall be required to pay, said Trustee shall have the full power and authority, without previous notice to or demand upon any person, to pay such tax, charge or assessment. I direct that all gifts and bequests to each of the beneficiaries as herein set out, shall be taxable to the donee or beneficiary, and all taxes, whether Federal, State or Municipality, shall be first paid by such donee or beneficiary before distribution to them of the said gift or bequest. Any sums so paid which are a charge against any beneficiary hereunder shall be deducted from the interest of the beneficiary so liable. Any estate and inheritance taxes so paid by the Trustee shall be charged to the donee or beneficiary and deducted by the Trustee from the gift, device [sic] or bequest distributable to such donee or beneficiary. Other taxes shall be charged to income, provided, however, that any tax levied upon profit or gain which inures to the benefit of principal shall be paid out of principal, notwithstanding paid tax may be denominated a tax upon income by the taxing authority. Improvement assessments shall be charged to principal and maintenance assessments shall be charged to income."

estate of $162,659.31, a net taxable estate of $129,972.88, and a tax of $12,052.63. In computing the tax the executor included in the gross estate only half of the community property, aggregating $162,659.31. The tax was paid.

The executor petitioned for instructions as to proration of the tax, stating: "That according to the provisions of the Last Will and Testament . . . and the law of the State of California . . . the federal estate tax should be prorated among those who participated in and share the estate upon which the tax was based and which determined and fixed the amount of said tax." The court concluded: "That the Federal Estate Tax shall be prorated among and paid by the beneficiaries under the decedent's Will, as follows: Each beneficiary shall pay such portion of the Federal Estate Tax as the amount received by, or for the use and benefit of such beneficiary, bears to the total property subject to the Federal Estate Tax. Jeannette Buckhantz, the decedent's widow, is liable for that prorata share of the federal estate tax which the value of the assets received by her, or for her use and benefit, is in excess of the value of her community property interest; that portion of the estate received by her, or for her use and benefit, representing her community interests created no federal estate tax, and therefore, should not be considered in prorating the federal estate tax." The order reads: "That the executor is hereby ordered and directed to exclude the community interest of Jeannette Buckhantz in said estate from its computation when prorating the amount of the federal estate tax apportioned to each beneficiary." The sister and her sons appealed.

Appellants urge these propositions as grounds for reversal: 1. "A widow who elects to take under her husband's will in lieu of claiming her community property rights is not entitled in the computation of the taxable value of the property or estate received by her for purposes of determining her proportionate share of the Federal estate tax, to claim as a deduction or exemption the value of the property which she would have received had she elected to claim her community property rights. By electing to take under the will, she assumed precisely the same relation to the husband's estate as any other legatee or devisee." 2. Insofar as the residue of the estate is concerned, the will in effect directs that there shall be no apportionment between the shares of the trust estate of the federal estate tax attributable thereto.

Section 970 of the Probate Code provides that when an executor has paid a federal estate tax "upon or with respect to any property required to be included in the gross estate of a decedent" under the provisions of any federal estate tax law, the amount of the tax so paid, except in a case where the testator otherwise directs in his will and except in specified cases not material here, "shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues."[2] Section 971 authorizes the probate court to make the proration "of any property in the estate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interest and benefits received by all such persons interested in the estate." Section 972 reads: "In making a proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate." Section 973 provides that in cases where a temporary interest is created in a trust, "the tax on both such temporary interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates." Section 977 reads: "Except where the context otherwise requires, as used in this article:

"(a) 'Person interested in the estate' means any person who receives or is the beneficiary of any property transferred pursuant to a transfer which is subject to a tax imposed by any Federal estate tax law, now existing or hereafter enacted.

"(b) 'Gross estate' or 'estate' means all property included

[2] A number of states have enacted proration statutes: Arkansas—Acts 1943, No. 99, § 1, p. 142, Ark. Stat. Anno. Tit. 63, § 150 Connecticut—P.A. 1945, No. 228, P.A. 1949, No. 331, Rev. Gen. Stat. 1949, §§ 2075-2081; Delaware—L. 1947, c. 119, Rev. Code, c. 119; Florida—L. 1949, c. 25435, §§ 1-4, Stat. Ann. § 734.041; Maine—L. 1945, c. 269, repealed H.B. 1353, Laws of 1947; Maryland—L. 1947, c. 156, Annotated Code, art. 81, § 126; Massachusetts—G.L. (Ter.Ed.) c. 65A, §§ 5-5A and Acts 1948, c. 605, §§ 1, 2; Nebraska—L.B. 158, eff. March 21, 1949, Rev. Stat. § 77-2108; New Hampshire—Rev. Laws, 1942, c. 88-A, § 1, as added by L. 1943, c. 175 and L. 1947, c. 102; New Jersey—Laws of 1950, c. 327, p. 1096, N.J. Stats. Anno. Tit. 3A, §§ 25-30; New York—Decedent's Estate Law, § 124; Pennsylvania—Act 565, P.L. 2762, Laws of 1937, 20 P.S. § 844; Rhode Island—Gen. Laws, c. 43, § 33 (apportionment of state inheritance tax); Tennessee—L. 1943, c. 109, § 1, Williams Tennessee Code, § 8350.7; Texas—R.C. 1943, § 844, L. 1947, c. 401, § 3683a Vernons Texas Civil Stat.; Virginia—L. 1946, c. 128, p. 188, Code 1942, § 5440(b), Code Ann. § 64-150.

for Federal estate tax purposes in determining the Federal estate tax pursuant to the Federal estate tax law.''

The estate tax in the present case was levied and paid under the Internal Revenue Act of 1948. ▮ The tax was a charge upon, and was a lien against, the ''gross estate'' as defined by section 811 of the Internal Revenue Code. (*United States* v. *Woodward*, 256 U.S. 632, 635 [41 S.Ct. 615, 65 L.Ed. 1131]; *Estate of Cushing*, 113 Cal.App.2d 319, 328 [248 P.2d 482].) The gross estate is all property required to be included in computing the estate tax. ▮ Under the Act of 1948, only half of the community property is includible in the gross estate of the spouse first to die, and no marital deduction is allowable with respect to community property. The other half is considered to be owned outright by the surviving spouse and may be included in her gross estate.[3] A marital deduction is allowable in the case of separate property owned by residents of community property states.[4] The taxable estate is the difference between the gross estate and the exemptions and allowable deductions. Only half of the community property of the testator and Jeannette was required to be included in the gross estate.

▮ The federal estate tax is an excise, not a property, tax; *it is a tax upon the surrender of old incidents of the property by the decedent and the acquisition of new ones by the survivor, and is measured by the value of the property to which these incidents attach.* It is not, as appellants inferentially argue, a tax on what the beneficiaries receive. (*Estate of Atwell*, 85 Cal.App.2d 454, 460 [193 P.2d 519].)

▮ The ultimate thrust of the federal estate tax is governed entirely by state law, subject to section 826 (c) and (d) of the Internal Revenue Code which gives the executor limited rights to demand contribution for a share of the estate tax only in the case of life insurance proceeds and of property subject to a taxable power of appointment and not exonerated from the tax trust by the testator. (26 U.S.C.A. § 826; *Estate of Atwell*, 85 Cal.App.2d 454, 460 [193 P.2d 519].)

▮ The object sought to be accomplished by the proration statutes is the equitable allocation of the burden of the tax

---

[3]Regulations 105, section 81.47a (f) say that when the surviving spouse elects to take under her husband's will, the community property interest owned by her is not considered as having ''passed from the decedent to his surviving spouse.'' No part of the estate tax is attributable to the widow's half of the community property.

[4]Community property acquired prior to July 29, 1927, is treated as separate in computing the marital deduction under the 1948 Act.

among those actually affected by that burden. (*Security First Nat. Bank* v. *Wellslager*, 88 Cal.App.2d 210, 213 [198 P.2d 700]; *In re Chambers' Estate*, 54 N.Y.S.2d 88, 92; *In re Wahr's Estate*, 370 Pa. 382 [88 A.2d 417]; 47 C.J.S. 1016, § 776.) ■ When the incidence of the tax is to be borne by several parties, the general rule under such statutes is that the tax is to be prorated in the proportion which each share bears to the total taxable property; only the value of property actually taxed may be considered; and the proration must be predicated solely on the property of the decedent included in the gross estate for federal estate tax purposes and on the parts thereof which devolved to the several legatees and devisees on the death of the testator, excluding from consideration benefits received from the decedent which are not included in the taxable estate. (*Security First Nat. Bank* v. *Wellslager*, 88 Cal.App.2d 210, 213 [198 P.2d 700]; 47 C.J.S. 1017, § 776 and cases there cited.) ■ The court is bound by the actual fact of inclusion or exclusion of property by the federal taxing authorities. The task of proration begins at the point where the taxing authorities end their duty of fixing the estate tax; it takes the accomplished fact of taxation and then prorates the burden on the actuality of the tax.

Referring to proration statutes in general, the court in *Security First Nat. Bank* v. *Wellslager, supra,* said (p. 213): "Their purpose is to apportion equitably the burden of the tax so that it is borne commensurately by those whose gifts contribute to the tax burden and there is eliminated from such burden all whose legacies do not in any way create or add to the tax. (*Re Harvey's Estate*, 350 Pa. 53 [38 A.2d 262].)"

■ Analysis of Probate Code sections 970, 971 and 977, without more, negatives appellants' first contention. The tax to be prorated is that paid upon or with respect to property required to be included in the gross estate under the federal estate tax law. The gross estate is all property included in determining the tax. The tax is to be prorated among the persons interested in the estate. A person interested in the estate is any person who receives or is the beneficiary of any property transferred pursuant to a transfer which is subject to the tax. The court makes the proration in the proportion, as near as may be, that the value of the property of each such interested person bears to the total value of the property received by all such persons interested in the estate. Manifestly, the statute means the tax is to be prorated among

those, and only those, who receive property which has been included in the taxable estate; and property which has not been included in determining the tax shall not bear any part of it. This conclusion is supported by all the authorities.

In *Estate of Cushing*, 113 Cal.App.2d 319 [248 P.2d 482], the court declared (p. 333) : ''There can be no doubt that the proration statute definitely expresses a policy that the federal estate tax is intended, in the absence of an expression to the contrary, to be levied, for state inheritance tax purposes, in accordance with the benefit that a person interested receives from the estate—and such benefit is, as already pointed out, limited to the taxable gross estate, and does not extend to the entire probate estate. In other words, the proration statute, in the absence of direction in the will to the contrary, expresses a general state policy directing the executor to pay the federal estate tax and to fix the impact of the tax upon each beneficiary's share of the property that has contributed to the tax. The wife's share of the community property, as already pointed out, under federal law, has not contributed to the tax . . . It follows from what has been said that the California statutes indicate that the widow's one-half of the post-1927 community property, since it is not part of the 'gross estate' of the husband and is not liable for the federal estate tax, should not be charged, directly or indirectly, with any portion of the federal estate tax.'' While the foregoing was said with respect to the question whether in computing the widow's share of the community property that is free from the state inheritance tax the federal estate tax should be treated as an expense of administration, we think it applies with equal force to the question at bar.

We find no dissent in the authorities from the proposition that under proration statutes only that property in the probate estate which has contributed to the estate tax shall bear the impact of that tax. Our statute is based on the New York statute. (N. Y. Decedent's Estate Law, § 124; *Estate of Hotaling*, 74 Cal.App.2d 898, 900 [170 P.2d 111].) The New York cases all hold that no part of the tax may be allocated to property which was not included in the taxable estate.[5]

---

[5]The statutory rule ''requires the actually taxed property to pay the tax in fair proportions.'' *In re Starr's Estate*, 157 Misc. 103 [282 N.Y.S. 957, 960]; the proration is to be ''against all transfers of property included in the gross estate.'' *In re Rappaport's Estate*, 167 Misc. 164 [3 N.Y.S.2d 616, 618]; the object of the statute ''is the equitable allocation of the burden of the taxes among all the parties actually affected by that burden.'' *In re Kaufman's Estate*, 170 Misc. 436 [10

■ The Revenue Act of 1948 provides for deduction of "An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." (26 U.S.C.A. § 812 (e) (1) (A).) This is commonly called the marital deduction. The apparent purpose of the enactment of the marital deduction was to equalize the estate tax in noncommunity property states with that in community property states, to prepare the way for the elimination from the tax burden of all those whose bequests and devises do not create or add to the tax, and to insure that the marital deduction should not be burdened with any part of the federal estate tax. (*In re Peters' Will,* 88 N.Y.S.2d 142, aff., 89 N.Y.S.2d 651; *Lincoln Bank & Trust Co.* v. *Huber,*——Ky.——[240 S.W.2d 89]; *In re Fuch's Estate,*——Fla.——[60 So.2d 536]; *Miller* v. *Hammond,* 156 Ohio St. 475 [104 N.E.2d 9].) Appellants concede: "If the circumstances in this case had been such as to make a marital deduction proper and applicable in favor of Mrs. Buckhantz, then it would be proper to make an allowance to Mrs. Buckhantz on account of such marital deduction in prorating the tax, under the provisions of Section 972 of the Probate Code."

■ In computing the federal estate tax, bequests, devises, and transfers for public, charitable, and religious uses are deductible. (26 U.S.C.A., § 812 (d).) It is uniformly held that since such gifts do not contribute to the federal estate tax they do not bear any of its burden. (*In re Harvey's Estate,* 350 Pa. 53 [38 A.2d 262]; *In re Wahr's Estate,* 370 Pa. 382 [88 A.2d 417]; 19 Conn.Bar J. 6; 54 Dickinson L. Rev. 432, 441; 73 N.J.L.J. 319.)

It would be a strange legal paradox to hold that a widow

N.Y.S.2d 616, 625]; No part of the tax may be allocated to property not included in the taxable estate. *In re Mayer's Estate,* 174 Misc. 917 [22 N.Y.S.2d 468, 470]; Gifts and trusts excluded in determining the tax must be excluded in the proration. *In re Blumenthal's Estate,* 182 Misc. 137 [46 N.Y.S.2d 688]; aff., 267 App.Div. 949 [47 N.Y.S.2d 652], aff., 293 N.Y. 707 [56 N.E.2d 588, 589]; the statute provides for an equitable proration "of estate taxes among the persons sharing in the taxable estate, in those cases where the testator does not otherwise direct in his will." *In re Hegeman's Will,* 270 App.Div. 707 [62 N.Y.S.2d 337], aff., 296 N.Y. 915 [73 N.E.2d 37]. See the Maryland proration statute (1937 Laws of Maryland, c. 546, Annotated Code, art. 81, § 160) and *Application of Chase Nat. Bank,* 59 N.Y.S.2d 848 construing the Maryland statute. See, also, 2 Ark.L.Rev. 221; 31 Boston Univ.L.Rev. 233; 20 Conn.Bar J. 198; 43 Ill.L.Rev. 153.

who receives property which is not taxed should, merely because she elects to and receives such property under the will rather than as her share of the community property, pay part of the tax levied on property bequeathed and devised to others when the marital deduction and bequests, devises, and transfers for public, charitable, and religious uses bear no part of its burden.

There is much discussion in the briefs as to whether the half of the community property which is excluded in determining the estate tax is a deduction or an exemption or nontaxable property. Appellants argue that it is nontaxable property; respondent, that it is an exemption. Obviously, it is nontaxable property. But the question is of no moment, since, whether it be one or the other, it is not part of the taxable estate and bears no part of the burden of the tax.

Under the statute the tax is to be "equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." (Prob. Code, § 970.) It is argued that since the benefit received by the widow is the property she takes under the will, the value of that property should be used in measuring her tax liability. The vice in the argument lies in the fact that appellants are speaking about benefits received from the deceased while the statute speaks about benefits which are included in the taxable estate. Section 970 of the Probate Code refers to an allocation of the burdens imposed on property actually taxed. The proration must be in the proportion that the value of the property included in the taxable estate and received by each person bears to the total value of the property so included and received by all interested persons. If property is not swept into the taxable estate for estate tax purposes, it bears no part of the tax. The value of the actually taxed property received by the widow was that remaining after deducting the value of half of the community property. It is that value only which may be used by the court in performing its function of allocation. Equality of contribution to the burden of the tax requires that the widow pay her proportionate share of the federal estate tax, computed only on that part of the transfers to her which were included in computing the tax. There is nothing in the proration statutes which furnishes any reason why a part of the tax imposed on property of one recipient of bounty should be impressed on another, against whose benefit the Congress did not elect to assess it. The effect of tailoring the rule to what

appellants seek would be not only to reduce the amount of the estate tax chargeable to them and others, but to charge the widow with part of the tax levied on property received by them.

 Jeannette does not, by asserting her right to take the property not included in the taxable estate free of any part of the estate tax, violate her agreement not to make any claim against the provisions of the will on account of any community property rights she may have, as appellants argue. She is not making any claim against the provisions of the will, or any claim inconsistent with the acceptance of the benefits she receives under the will. What her agreement means is that she will not claim that any of the property disposed of by the will is community property and belongs to her independent of the will. She has made no such claim.

*In re Bernays' Estate,* 334 Mo. 135 [126 S.W.2d 209, 122 A.L.R. 169], and *In re Osgood's Estate,* 52 Utah 185 [173 P. 152, L.R.A. 1918E 697], cited by appellants, are not analogous. Those cases merely hold that where the widow took under the will rather than under the statute the inheritance tax statutes of those states imposed a tax on everything she took under the will. The situation in each of those cases was similar to what it might have been in this state with respect to the imposition of the state inheritance tax had the Legislature not enacted Revenue and Taxation Code, section 13552, which exempts from that tax property to a value not exceeding half of the community if the widow elects to take under her husband's will rather than under the statute.

We find nothing in the will which directs that there be no proration of the federal estate tax attributable to the trust estate between the shares thereof. Appellants are not consistent in this regard. In their opening brief they urge that the will so directs. In their closing brief they say the will contains no apportionment provisions. The argument appears to be that the corpus of the trust estate should bear that part of the estate tax for which it is responsible, without allocating to the widow's share any part of the half of the community property which was not included in determining the estate tax. The argument is without merit. The effect of following this contention would be that the widow would pay two-thirds of the tax prorated to the corpus of the trust estate when a part, if not all thereof, was excluded in determining the tax.

The two parts of the residue bequeathed and devised in trust for the benefit of Jeannette do not bear two-thirds of the proportion of the tax attributable to the residue. (See *Security First Nat. Bank* v. *Wellslager,* 88 Cal.App.2d 210, 214 [198 P.2d 700]; *In re Starr's Estate,* 157 Misc. 103 [282 N.Y.S. 957, 960].) The conclusion of the probate court that the portion of the estate received by Jeannette, or for her use and benefit, representing half of the community property created no estate tax and, therefore, should not be considered in prorating the tax, applies to the two-thirds of the residue to be segregated for the use and benefit of Jeannette. The order of the court, when construed with the conclusions of law which precede it and which are a part of the document including the order, is clear and unambiguous in this respect.

We hold that the probate court correctly adjudged that Jeannette is liable only for that pro rata share of the federal estate tax which the value of the assets received by her, or for her use and benefit, is in excess of the value of half of the community property; and that the part of the estate received by her, or for her use and benefit, representing half of the community property, is not to be considered in prorating the tax.

Affirmed. Respondents to recover their costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied September 28, 1953, and appellants' petition for a hearing by the Supreme Court was denied October 29, 1953.