[Civ. No. 9124.  Second Appellate District, Division One.—March 2, 1934.]

GRACE E. KELSHAW, as Treasurer, etc., Petitioner, v. THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY et al., Respondents.

W. H. H. Gentry, A. W. Brouillet, W. Urie Walsh and Herbert Kaufman for Petitioner.

M. R. Van Wormer for Respondents.

CONREY, P. J.—The petitioner Kelshaw, treasurer of the county of San Luis Obispo, applied to the Supreme Court for a writ of prohibition, to prevent further action in a contempt proceeding now pending in respondent court. An alternative writ issued, and the cause was transferred to this court. Although there is an answer on file the facts are not in dispute, and the questions at issue are those raised by demurrer to the petition.

In the matter of the estate of Halsey H. Carpenter, deceased, in the course of administration in respondent court, and after appraisement duly approved, by an order of date March 17, 1930, it was determined that the amount of inheritance taxes due to the state of California, for which the several heritable interests in the estate were liable, amounted to the sum of $23,449.27, and the payment of that sum (which had been made on March 10, 1930), to the treasurer of the county of San Luis Obispo, was approved. In August, 1932, the administratrix presented to the court her motion for an order directing the treasurer to refund a portion of said tax. In opposition to said motion, it was contended that the order fixing tax was a final judgment, and that the court had no jurisdiction at that time to make any order for refunding of any part of said tax. Nevertheless, on January 6, 1933, the court granted the motion, and directed the county treasurer, Kelshaw (petitioner herein), to refund and repay to said administratrix the sum of $1149.51, found to have been overpaid in the aforesaid payment of inheritance taxes of said estate.

The treasurer having refused to comply with the provisions of said order of January 6, 1933, the court issued its citation to show cause why she should not be punished for contempt of court by reason of such refusal and disobedience.

Thereupon, this proceeding was instituted for a writ of prohibition. And it is admitted that unless so prohibited and restrained, respondent court will proceed to hear and determine said contempt proceeding, and punish the said Kelshaw, treasurer, for failure to comply with said order directing a refund.

■ Petitioner's right to the writ of prohibition asked for in this proceeding depends upon the merit of her contention that the order which she has refused to obey is a void order. The attack being collateral, she must show that the order is void on its face,—that is to say, upon the face of the record in which it is contained. We are of the opinion that the order is void, and that this fact so appears upon the face of the record.

The original order determining the amount of the inheritance taxes due from the estate having become final without appeal, and without any proceeding affecting it as such proceedings are authorized by the Code of Civil Procedure, or at all, the court was without jurisdiction to order repayment of the money unless authority therefor can be found in the provisions of the inheritance tax law. The contention of respondents, and the only contention made on this phase of the case, is that the refunding order was made under authority of the provisions contained in section 11 of the Inheritance Tax Act. (For sec. 11, as last amended, see Stats. 1929, p. 1846; Deering's· Gen. Laws, 1931 ed., Act 8443.) The parts thereof requiring consideration here are subdivision (3) and subdivision (4). It was properly conceded by respondents that the application and order in question were not made under subdivi-. sion (3). Necessarily this was so because at the time when the refunding order was made the time within which a refunding order could be made under the authority of subdivision (3) had expired.

■ Subdivision (4) of said section 11 makes provision for orders to be made for the refunding and repayment of money paid for inheritance taxes "when any amount of said tax shall have been erroneously paid". This refers only to some payment not made in conformity with the order fixing the amount of the tax. In *Estate of Brown,* 196 Cal. 114, 122 [236 Pac. 144, 147], this point was settled by direct decision. The court said: "Subdivision 4, on the other hand, is concerned solely with the *repayment* of amounts of tax 'erroneously paid' in all cases where an adjudication is not necessary to determine the amount excessively paid. . . . But the remedy prescribed in subdivision 4 is not predicated upon an adjudication that there has been an overpayment; it extends to all those cases where

no complaint is made of the original order fixing the tax but due to some error or inadvertence in giving effect to it a sum was 'erroneously paid'." Again the court said: "From the foregoing discussion of these two subdivisions their scope may be thus briefly summarized: Where any attack is made on the original order fixing the tax the complaining party *must* pursue either of the two alternative remedies specified in subdivision 3 for the modification or reversal thereof within the time prescribed for either remedy. But, where the order fixing the tax is not questioned, and it is merely sought to recover an amount 'erroneously paid' arising from an error or inadvertence in paying under the original order fixing tax, then the remedy is found in subdivision 4."

Since upon the face of the record it appears that the amount of inheritance tax was the exact amount provided for in the order fixing the amount of tax to be paid, the conclusion necessarily follows that there could have been no amount "erroneously paid" within the meaning of said subdivision (4). We are of the opinion that the court was wholly without jurisdiction to make the order. Therefore, in the contempt proceeding the court is without jurisdiction to punish for violation of such void order.

Let the peremptory writ issue.

Houser, J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1934.