[L. A. No. 22060. In Bank. July 9, 1952.]

THOMAS H. KUCHEL, as State Controller, etc., Appellant, v. SHELLEY ROLLINS TOLHURST, Respondent.

225

James W. Hickey, Chief Inheritance Tax Attorney, Morton L. Barker, Senior Inheritance Tax Attorney, and Betty Jo Sheldon, Associate Inheritance Tax Attorney, for Appellant.

R. Norman Wenzell for Respondent.

SCHAUER, J.—The State Controller appeals from a judgment decreeing that no inheritance tax is due the State of California from respondent Shelley Rollins Tolhurst on certain property received by him under the last will and testament of his deceased mother, and that, in effect, all inheritance taxes due from him on such property have been paid and discharged in full. We have concluded that the judgment is correct and should be affirmed.

Respondent was the executor and sole beneficiary under his mother's will, which was probated in proceeding No. 286201 in Los Angeles ·County. In December, 1948, the inheritance tax appraiser made his written report (Rev.

& Tax. Code, § 14506[1]), which was filed with the superior court in the probate proceeding, that an inheritance tax of $76.59 was due. No objection was filed to the report and on February 14, 1949, an order was made in the probate proceeding fixing the tax at $76.59 (§ 14509). This amount was paid by the executor and reported to the court in his first and final account and report, and petition for distribution. The account was approved, distribution to the executor as sole beneficiary was ordered and made, and the executor was discharged on May 5, 1949.

Some 21 months later the Controller instituted the proceeding now before us, by filing in the superior court in Los Angeles his "Petition for Determination of Inheritance Tax." From the uncontroverted allegations of the petition and from the record it appears that as to two parcels of real estate in which the decedent owned only undivided fractional interests, the inheritance tax appraiser in computing the value of the property "subject to inheritance tax in the estate of" the decedent erroneously allowed and reported as deductions the entire amount of certain encumbrances which existed against such real estate, "whereas the said encumbrances should have been listed to reflect only the decedent's proportionate share of said encumbrances"; that the difference between the amount which should have been allowed as a deduction and the amount which was allowed is $39,490.74; that the inheritance tax appraiser after preparing the erroneous report but before filing it with the court discovered the error and prepared a new and correct report, but through inadvertence the original (erroneous) report was filed with the court and the court's order fixing the tax was based thereon. In the present proceeding the Controller sought an order of the court that an inheritance tax (amounting to some $1,023) is due from respondent upon the $39,490.74 erroneously allowed as a deduction.

Respondent contested the petition on the ground that the court's order fixing the tax had the effect of a judgment (§ 14672), which had long since become final and which was res judicata as to the inheritance tax owing from him. After a trial, the court made its findings of fact and conclusions of law in favor of respondent, judgment was entered accordingly, and the Controller appeals.

---

[1]Unless otherwise stated, all section citations in this opinion refer to the Revenue and Taxation Code.

Inasmuch as this proceeding was commenced more than six months after entry of the order fixing tax, the Controller may not, and does not, seek relief under the provisions of section 473 of the Code of Civil Procedure (see Rev. & Tax. Code, § 14671), on the ground of his "mistake, inadvertence, surprise or excusable neglect." Nor does he contend that a basis exists for equity to intervene to set aside the judgment on the ground of extrinsic fraud. (See *Wattson* v. *Dillon* (1936), 6 Cal.2d 33, 40 [56 P.2d 220]; *Neblett* v. *Pacific Mutual L. Ins. Co.* (1943), 22 Cal.2d 393, 397-398 [139 P.2d 934]; *Gale* v. *Witt* (1948), 31 Cal.2d 362, 365-367 [188 P.2d 755]; *Jorgensen* v. *Jorgensen* (1948), 32 Cal.2d 13, 18-20 [193 P.2d 728].)

The Controller does, however, in reliance upon the provisions of section 13984,[2] contend that, regardless of the prior and final adjudication, he may institute proceedings at any time under the provisions of section 14531[3] to fix an additional tax upon the amount of an erroneously allowed deduction. It is clearly apparent, however, from a reading of section 14531 that that section is intended to apply only to transfers "as to which the taxability, tax liability, and amount of tax have not been determined," and no basis is shown upon which it may be invoked by the Controller where, as here, the tax has already been adjudicated by appropriate proceedings in the probate court (§§ 14501, 14515, 14651). The language used does not admit of a construction which would abolish, or exclude application of, the principle of res judicata.

From further study it becomes likewise apparent that not only is no statutory procedure provided for the assess-

---

[2]Section 13984: "Where it is proved to the satisfaction of the superior court having jurisdiction that any deduction was erroneously allowed, the court may enter an order assessing tax upon the amount of the deduction.

"For the purpose of this part, there is no limitation governing the time within which it may be proved that any deduction was erroneously allowed, nor the time within which an order assessing tax on the amount erroneously deducted may be made."

[3]Section 14531: "If, upon the petition of the Controller, it appears to the superior court having jurisdiction (a) that a transfer subject to this part has been made as to which the taxability, tax liability, and amount of tax have not been determined, and (b) that no proceedings are pending in any court in this State in which these matters may be determined, the court shall issue a citation ordering and directing any person who appears liable for the tax, or is known to own all or any part of the property transferred, to appear at a hearing . . . to be examined . . . "

ment and collection of an addition to the adjudicated tax under the circumstances here present, but that the provisions of the Revenue and Taxation Code affirmatively indicate a legislative intent that no such additional tax be imposed. In the first place, it is expressly stated in section 14672 that "Every order, decree, or judgment fixing tax or declaring that no tax is due and payable, made or rendered pursuant to this part [i.e., the Inheritance Tax Law], has the force and effect of a judgment in a civil action," and in section 14601 that "An order fixing tax or declaring that no tax is due and payable is conclusive only as to such property as may have been returned in the inventory or inventory and appraisement in the probate proceeding, or as may have been included in transfers disclosed to the inheritance tax appraiser before making his report or issuing his certificate." Inasmuch as the property here involved *was* included in the inventory and appraisement and an order fixing the tax thereon was made, such order is obviously conclusive as to the tax due as to such property. Moreover, it is the firmly established law of this state that the doctrine of res judicata applies to judgments and orders of the probate court, including an order fixing inheritance taxes, as well as to those of any other court. (15 Cal.Jur. 117-118, § 180, and cases there cited; 11A Cal.Jur. 101-102, § 46; *Estate of Rath* (1937), 10 Cal.2d 399, 408 [75 P.2d 509, 115 A.L.R. 836] ; see, also, *Estate of Lloyd* (1930), 106 Cal.App. 507, 511 [289 P. 892].)

 In the second place, it further appears that the provisions of section 13984 (quoted hereinabove in footnote 2), relied upon by the Controller, were not intended to apply where the tax computed after allowance of an erroneous deduction has been adjudicated to be correct by the superior court having jurisdiction (§ 13313), but rather to apply to those instances in which the tax has been assessed and paid without the formality of court proceedings. On this point it may be noted that the next succeeding section of the Revenue and Taxation Code (§ 13985), which deals with the allowance as a deduction of a subsequently-established debt, expressly provides that "If a debt is established against an estate after the order fixing tax is made, the order may on petition after notice to the Controller be modified equitably.

"For the purpose of this part, there is no limitation governing the time within which a debt may be established against an estate after the order fixing tax is made. How-

ever, any petition to have the order modified after the establishment of the debt shall be filed within one year after the debt is established.''

The explicit provision that the order fixing tax may be modified equitably where a debt is later established, upon petition filed within one year, and the absence of provision for modification of the order after discovery of an erroneous deduction further indicates an intent by the Legislature that in the latter circumstance such order is conclusive and final as to all property included therein.

Moreover, although no decision has been cited or discovered which interprets or applies the provisions of section 13984 (or the earlier statutes upon which it is based), the converse of the present controversy appears to have been before the court in *Kelshaw* v. *Superior Court* (1934), 137 Cal.App. 189, 191 [30 P.2d 432]. In that case respondent administratrix had made payment of the exact amount of the tax determined by court order to be due from the estate, but after such order had become final without appeal she sought and obtained a further order that a portion of the tax be refunded by the county treasurer. On petition by the treasurer for prohibition to prevent contempt proceedings against him for failure to make the refund, the administratrix relied upon subdivision (4) of section 11 of the Inheritance Tax Act (as then found in Stats. 1929, p. 1846; 1931 Deering's Gen. Laws, Act 8443),[4] which provided that ''When any amount of said [inheritance] tax shall have been erroneously paid, the superior court having jurisdiction, on application after notice to the state controller, and on satisfactory proof to it, shall by order require the county treasurer to refund and pay to the . . . administrator . . . the amount of such tax so erroneously paid . . . '' Despite the seemingly broad language of the quoted portion of the statute, the court, in reliance upon *Estate of Brown* (1925), 196 Cal. 114, 122 [236 P. 144], held that it applied ''only to some payment not made in conformity with the order fixing the amount of the tax,'' and after an original order determining the amount of the inheritance taxes due from an estate had become final without appeal, the court was without jurisdiction to order refund of any portion of the money paid in accordance therewith, ''unless authority therefor can be found in the provisions of the inheritance tax law'';

[4]See present sections 14371-14373 of the Revenue and Taxation Code.

that no such authority existed; that the refund order was void as being without the jurisdiction of the court; and that prohibition should issue to halt the contempt · proceeding based thereon. Likewise in the present case, we find in the provisions of the Inheritance Tax Law no authority or right for the assessment of the further tax sought by the Controller.

██ There is, therefore, no occasion for the application here of the general legal principle, relied upon by the Controller, that "a statute may not be construed as creating a right without a remedy." (See *Bermite Powder Co.* v. *Franchise Tax Board* (1952), 38 Cal.2d 700, 703 [242 P.2d 9].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied August 7, 1952.