[Civ. No. 8678. Fourth Dist., Div. One. Jan. 9, 1968.]

Estate of WILLIAM C. TALBOT, Deceased. FRANCES TALBOT, as Executrix, etc., Petitioner and Appellant, v. JUDITH LEE TALBOT HOLM et al., Objectors and Respondents.

Jerome T. Stewart for Petitioner and Appellant.

Schlesinger, Schlecht & McCullough, Brandlin & Trinkaus and John McCullough for Objectors and Respondents.

WHELAN, J.—The executrix of the will and codicil of William C. Talbot, deceased, appeals from an order for reimbursement of state inheritance tax paid by executrix and apportioning federal estate tax.

William C. Talbot died on March 15, 1961, in Riverside County, survived by a widow and three minor children of an earlier marriage.

His will, dated May 8, 1959, disposed of his estate of some $340,000 among his wife and three children; by codicil dated June 3, 1960, he left his entire estate to his wife, in the event he should predecease his aunt, life tenant of a $3,000,000 trust, of which Talbot was contingent life tenant and his children remaindermen.

Talbot did not survive his aunt. The three children, before probate, contested the codicil. During the trial of the contest, a compromise agreement was reached, the terms of which were

embodied in a court order dated March 23, 1962, under which the will and codicil were to be and were admitted to probate upon the condition that the three children: ". . . shall be paid from the funds of the estate, before the distribution of the estate to any other beneficiary named in or resulting from the provisions of said will and codicil the sum of One Hundred Twenty Five Thousand Dollars ($125,000) net, free and clear of all administrative costs, estate taxes, inheritance taxes and any and all other charges or expenses all of which shall be a charge against the balance of the estate."

The widow qualified as executrix on April 1, 1963, succeeding the public administrator serving as special administrator.

At the time the executrix qualified a federal estate tax return had not been filed and no part of federal estate tax or state inheritance tax had been paid.

The executrix filed a federal estate tax return on June 26, 1963; later she learned that in addition to the probate estate there were insurance proceeds from policies on the life of Talbot of which the three children were direct and equal beneficiaries. An amended estate tax return was filed on March 16, 1964, to include the insurance proceeds of $115,653.81.

On March 16, 1964, the executrix in writing asked the court for an order directing the children to pay a proportionate share of federal estate tax and California inheritance tax based upon the amount of the insurance. Such an order was made on April 28, 1964, which also stated that the children and the executrix should determine the amount of such taxes attributable only to the insurance proceeds. The order left the matter of the amounts open for future adjudication should the parties fail to agree as to the amount of taxes attributable only to the insurance proceeds. The children appealed from that order, and the appeal was decided by this court in 4 Civil No. 7805 in a nonpublished opinion which affirmed the trial court. In its opinion, this court held that the insurance was not considered in the settlement of the will contest.

The will itself contained this paragraph: "I direct that all estate and inheritance taxes payable by reason of my decease (without limitation to taxes attributable to property passing under this Will) shall be paid out of the residue of my estate and shall be charged against the legatees, devisees and beneficiaries as provided in Section 970, et sequitor, of the Probate Code of the State of California. It is my specific intention that the property herein left to my wife, FRANCES, shall be

delivered to her tax free to the extent that such property qualifies for the marital deduction.''

The present appeal arises from an order fixing the amounts of estate tax and inheritance tax payable by the children, treated as an entity, and the widow.

### STATE INHERITANCE TAX

An order was made fixing inheritance taxes on February 7, 1964, based upon the report of an inheritance tax appraiser.

The report treated the share of each of the three children in the $125,000 settlement as though it were a bequest and allowed an exemption under section 13801 in favor of each child of $5,000 rather than $12,000. The specific exemption of $50,000 from the insurance proceeds was taken into account. The $125,000 having been considered as a bequest to the children, it was treated as not having passed to the widow, with the result that no state inheritance tax was charged to her. Tax of $1,727.62 was found to be the liability of each of the children.

On February 21, 1966, an amended report of inheritance tax appraiser was filed which allowed the $12,000 exemption in favor of each of the three minor children, and reduced the tax as to each of the three children to $1,587.62.

Although the original order fixing tax had become final (Rev. & Tax. Code, § 14672; *Kuchel* v. *Tolhurst*, 39 Cal.2d 224 [246 P.2d 41]; *Estate of Off*, 146 Cal.App.2d 516, 518 [304 P.2d 126]; *Lennefelt* v. *Cranston*, 231 Cal.App.2d 171 [41 Cal.Rptr. 598]), the court, on March 8, 1966, made an ''amended order fixing inheritance tax'' based upon the amended report.

The order from which this appeal was taken found that the California inheritance tax assessed and paid was $5,335.89, including interest of $153.03; and fixed the aggregate to be paid by the children at $1,638.42 or 34.40 percent of the total paid. That was done on the basis that the amount of insurance, less the specific exemption of $50,000, was $65,538.16, which in turn was 34.40 percent of the amount on which the tax was paid, the remaining tax being allocated to the assumed bequest of $125,000, on which the widow had agreed to pay the taxes.

The widow in the court below and on this appeal contends that under her agreement to pay the taxes on the $125,000, that amount should be considered as being taxable to the children and as though it alone were subject to tax, after there had been deducted from it the total of the three exemptions of

$12,000 each to which the children were entitled under section 13801, Revenue and Taxation Code. Under that theory, the tax on such net amount would have been $717.82; the difference between that tax and the total tax paid for each child would have been $869.80, representing the amount attributable to the insurance proceeds, rather than one-third of $1,638.42 found by the trial court.

Section 13601, Revenue and Taxation Code, defines the taxable incident as a transfer by will or the laws of succession from a person who dies. Sections 13303, 13304 and 13305 define respectively "transfer," "transferor" and "transferee."

Section 13409, Revenue and Taxation Code, provides in part: "If a transferee under a will renounces his rights under the will, or any part thereof, or agrees that the estate, or any part of it, shall be distributed otherwise than as provided in the will, the tax is nevertheless computed in accordance with the terms of the will admitted to probate."

As between the state controller and the parties to this appeal, it has been adjudicated that the children took the $125,000 by will, which in fact they did not. (*Estate of Kennedy,* 157 Cal. 517 [108 P. 280, 29 L.R.A. N.S. 428] ; *Estate of Belknap,* 66 Cal.App.2d 644, 654 [152 P.2d 657].)

As between the children on the one hand and the widow on the other, the amount the children are to pay is fixed by the agreement between them, rather than by the order fixing inheritance tax.

If the tax assessed against all the persons liable to pay tax had been calculated according to law, the $125,000 would have been considered a part of the transfer to the widow; each of the children would have been declared liable only for one-third of the net insurance proceeds after deduction of the specific insurance exemption of $50,000 and of a portion of the appraiser's fee attributable to the insurance ($115.65). Each child would have been considered as receiving one-third of $65,653.81 or $21,884.61, and as liable to pay tax on that amount less the section 13801 exemption of $12,000; the tax would be upon $9,884.61 at the rate of 2 percent, or $197.69 for each child.

As against that, the widow would have been considered as receiving the $125,000; the total of the transfers to her would have been $298,114.70 rather than $173,114.70, as found by the order fixing inheritance tax. Deducting from that the exemptions of $173,114.70 allowed by section 13805 and of

$24,000 allowed by section 13801, there would have remained subject to tax, at rates as high as 7 percent, the sum of $101,000, on which the tax would have exceeded $3,300.

The children, however, have not appealed from the order that, in accordance with their written petition, fixed their combined shares of the state tax at $1,638.42.

## FEDERAL ESTATE TAX

The total of federal estate tax paid was $34,565.66, which included $839.02 interest. It was calculated on a gross estate of $456,973.84. The amount that passed to the widow for the purpose of determining the amount of the marital deduction allowed by section 2056 of Title 26, U.S.C.A. was $216,120.03 ($456,973.84 less $125,000 settlement and $115,653.81 insurance). (See Federal Tax Regulations, 20.2056(c)1.) The adjusted gross estate was calculated to be $416,135.06 (gross estate less normal deductions under section 2053 of Title 26, U.S.C.A.). Since one-half of that amount ($208,067.53) was less than the amount passing to the widow, the marital deduction under section 2056 and federal tax regulation 20.2056(e)2 was $208,067.53. After subtracting the marital allowance from the gross adjusted estate, there remained $208,067.53 against which the specific exemption of $60,000 provided by section 2052 of Title 26, U.S.C.A. was allowed; the remainder, $148,067.53, was the taxable estate defined by section 2052 of the same title against which the rate of tax provided by section 2001 of the same title was applied.

In the order appealed from the trial court adopted a formula that assumed the amount of tax paid should be spread over the entire adjusted gross estate of $416,135.06 without allowance for the marital deduction or the section 2052 exemption; that the apportioned share of the tax of the children would be in the proportion (27.79 percent) that the insurance proceeds bore to the adjusted gross estate. That proportion of the tax paid was $9,605.79, an amount considerably less than the insurance proceeds should have borne in the absence of any agreement between the parties.

Had there been no agreement by which the children were to be paid $125,000 from the widow's share of the estate, the amount of the estate tax would have been the same as it is. In other words, the agreement of the widow to pay the children $125,000 has neither increased nor diminished the federal estate tax under the facts of this case. In agreeing to pay the amount of the settlement without deduction for taxes, the widow did not agree to saddle herself or her share of the

estate with any greater burden of taxes than the law imposed in the absence of agreement, or to place upon the amount of the settlement a greater share of the federal estate tax than it would otherwise have borne.

The formula adopted by the trial court was proposed by the children. It is contended by them that neither sections 970, 971 and 972 of the Probate Code[1] nor section 2206 of Title 26, U.S.C.A.[2] apply. The argument is not that Talbot's will directs against proration under the Probate Code or under section 2206 of Title 26, but that the parties have agreed otherwise by the settlement embodied in the quoted language from the court order of March 23, 1962; and that the prior decision of this court decrees otherwise.

The order appealed from does not indicate in terms whether the court accepted or rejected that contention; in effect, of

---

[1]Sections 970, 971 and 972 are as follows:

*Section 970*: ''Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other fiduciary has paid an estate tax to the Federal Government under the provisions of any Federal estate tax law, now existing or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, and except in a case where by written instrument executed inter vivos direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such inter vivos instrument, shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues.''

*Section 971*: ''The proration shall be made by the court having jurisdiction in probate of any property in the estate in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate.''

*Section 972*: ''In making a proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate.''

[2]Section 2206, Title 26, U.S.C.A., is as follows:

''Unless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the taxable estate and the amount of the exemption allowed in computing the taxable estate, determined under section 2051. If there is more than one such beneficiary, the executor shall be entitled to recover from such beneficiaries in the same ratio. In the case of such proceeds receivable by the surviving spouse of the decedent for which a deduction is allowed under section 2056 (relating to marital deduction), this section shall not apply to such proceeds except as to the amount thereof in excess of the aggregate amount of the marital deductions allowed under such section.''

course, the court did not follow either the Probate Code provisions nor the provisions of section 2206; nevertheless, the order appealed from states that "the estate taxes and inheritance taxes should be prorated." The order does not purport to interpret the language of the order of March 23, 1962, nor the language of the order of April 28, 1964, from which the prior appeal was taken.

The only way in which the incidence of the tax could have been affected by the widow's agreement to pay the children a net amount of $125,000 from the estate assets would have been with regard to the amount of the marital deduction. [§ 2056(d)(1), title 26.] In fact, it made no difference in the amount of that deduction and would have done so only if the amount to be received by the widow should have been less than one-half of the gross adjusted estate.

The widow's agreement to pay the children $125,000, in the absence of the language "free and clear of all . . . estate taxes," would have produced the same result in an apportionment under sections 970 et seq., Probate Code; the $125,000 was a part of the property transferred to the widow by the will.

It cannot be doubted that if the taxes are to be prorated they should be "equitably prorated," which is the language of section 970, Probate Code.

While section 2206 of Title 26, dealing with the proportion of taxes to be paid by the insurance beneficiaries, specifies the manner in which such proportion shall be determined, that statute before amendment provided as follows: "If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate."

In determining how the proportion payable by a life insurance beneficiary should be arrived at, it was held in *United States Trust Co. of New York* v. *Sears,* 29 F.Supp. 643, that it should be in the proportion that the insurance benefits bore to the amount of the estate upon which the tax was calculated plus the then existing specific exemption. In reaching that conclusion, the court said: "A life insurance beneficiary who has paid the entire tax is entitled to a contribution which is 'just and equitable' (*Landsbergh* v. *Commissioner,* 35 B.T.A. 928), and the same principle should define the duty to reim-

burse the executors when they have paid the entire tax.'' (P. 648.)

The formula adopted in *United States Trust Co. of New York* v. *Sears, supra,* is that now specifically expressed in section 2206. A contrary result was reached in *Johnson* v. *First Nat. Exchange Bank of Roanoke,* 181 Va. 617 [26 S.E.2d 86], interpreting section 2206 prior to the amendment. However, there is no reason to deny to the insurance beneficiaries a pro rata share of the specific exemption, so that the formula of the present section 2206 is in accord with the mandate of section 970, Probate Code, for an equitable proration.

Perhaps the only thing in favor of denying to the widow in the proration the benefit of the marital deduction is the lopsided argument that to allow her the benefit of the deduction is to increase the proportion of the tax payable by the children from 27.79 percent to 55.5 percent. However, the corollary of the argument is this: If there were no marital deduction of $208,067.53, the taxable estate would have been $356,135.06 rather than $148,135.06, the tax thereon would have been $99,663.22 instead of $33,726.64, and the children's share thereof under the formula of the trial court, would have been 27.79 percent thereof, or $27,696.41.

It would be grossly inequitable to deprive the widow on the one hand of the tax-free feature of the marital deduction and then apply the ratio thus arrived at to a tax that is $65,936.58 less than it would have been but for the marital deduction.

If the section 2206 formula be followed, the children nevertheless benefit substantially from the fact that the taxable estate is in a bracket that escapes some of the higher rates of tax.

In proration proceedings under statutes similar to that of California those amounts that are the subject of exemption or deduction in arriving at the value of the taxable estate are to be free of the burden of the tax because they do not contribute to it, and only to the extent that they do not contribute to the tax are they freed of its burden. (*In re Dettmer's Will,* 179 Misc. 844 [40 N.Y.S.2d 99].)

While the State of New York, like the federal government, imposes a tax on the estate rather than the succession, its proration statute is similar to ours. There a widow's intestate share which she has elected to take rather than to take under the will does not share the burden of the estate tax. (*In re Peters' Will,* 204 Misc. 333 [88 N.Y.S.2d 142].)

The same rule has been applied with regard to charitable bequests. (*In re Harvey's Estate,* 350 Pa. 53 [38 A.2d 262]; *In re Wahr's Estate,* 370 Pa. 382 [88 A.2d 417]; *In re Dettmer's Will, supra,* 40 N.Y.S.2d 99.)

*Estate of Buckhantz,* 120 Cal.App.2d 92 [260 P.2d 794], held that the widow's share of community property, not being a part of the gross estate for federal estate tax purposes, should not bear any part of that tax, even though the widow had elected to take under the provisions of the will of her deceased husband and made no claim that any part of the estate was community property. The opinion analogizes the marital deduction allowed by federal law, and the exemptions from tax in favor of charitable bequests, saying: ''The apparent purpose of the enactment of the marital deduction was to equalize the estate tax in noncommunity property states with that in community property states, to prepare the way for the elimination from the tax burden of all those whose bequests and devises do not create or add to the tax, and to insure that the marital deduction should not be burdened with any part of the federal estate tax. . . .

''In computing the federal estate tax, bequests, devises, and transfers for public, charitable, and religious uses are deductible. (26 U.S.C.A., § 812(d).) It is uniformly held that since such gifts do not contribute to the federal estate tax they do not bear any of its burden. [Citing cases.]''

The amount of the marital deduction allowed not having contributed to the amount of the tax should be excluded in fixing the widow's share of the tax.

We note that in oral argument counsel for the widow expressed the view that there may be an additional assessment of federal estate tax, and the children in the briefs on appeal ask that in the event of a reversal the matter be remanded to the trial court. For that reason we do not direct that the trial court fix the liabilities of the children and widow in amounts calculated by us.

It should be observed further that the liability of each of the children is a separate liability and that their combined liabilities should not be lumped together.

The order appealed from is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.