[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 519 
OPINION
An executor appeals from a judgment of the superior court denying his petition to modify an order fixing inheritance tax.
Since the petition was filed more than six months after the order was made, the statutory relief for mistake (Code Civ. Proc., § 473) is unavailable. Hence the executor argues that the mistake in the judgment was extrinsic and may be set aside on principles of equity.
The facts are essentially undisputed. The decedent died on January 7, 1963, leaving an estate in excess of $600,000. Her husband had died less than five years prior, leaving his entire estate to the decedent. Under Revenue and Taxation Code section 14071, the transferees were entitled to an inheritance tax credit for inheritance taxes paid at the death of decedent's husband.
The executor made no claim for this credit although his inheritance tax affidavit showed that the decedent was the widow of a man who had died less than five years earlier. The order fixing inheritance tax, made August 4, 1964, did not allow any credit for previously taxed property. The mistake was not discovered until April 1967.
The petition for modification, as amended May 15, 1968, offers no explanation for the failure of the executor either to claim the credit prior to the computation of the tax, or to object to the report of the inheritance tax appraiser before the court made its order, as provided in Revenue and Taxation Code sections 14506-14510.
(1) An order fixing inheritance tax has the effect of a civil judgment (Rev. Tax. Code, § 14672). Hence after the time for modification has expired it may only be attacked in equity where the mistake is extrinsic rather than intrinsic. (Westphal v.Westphal (1942) 20 Cal.2d 393, 397 [126 P.2d 105].) The mistake is extrinsic where it deprives a party of the opportunity to present his case in court. (Westphal v. Westphal, supra, at p. 397.)
In a case analogous to the present case, Lennefelt v.Cranston (1964) 231 Cal.App.2d 171 [41 Cal.Rptr. 598], the executrix sued to set aside an *Page 520 
order fixing inheritance tax on the ground that she had, on the advice of her attorney, failed to include facts in the inheritance tax affidavit which would have entitled the benficiaries to more favorable tax treatment. In affirming a judgment denying any relief, the appellate court said at page 177, "[W]here an attorney knows the facts but mistakenly concludes that they are of no legal significance and does not present them at the hearing of the matter in question, his mistake is intrinsic and not extrinsic."
(2) In the case at bench the facts were known to the executor and disclosed to the appraiser who computed the tax. The additional knowledge of the appraiser does not change the character of the mistake made by the executor in this case. We do not know how he happened to overlook claiming the credit, but there is no basis for finding that there was the kind of mistake which deprived him of the opportunity to claim it.
(3) The executor's other contention here is that the credit is an after-discovered asset of the estate, and he invokes the language of Revenue and Taxation Code section 14601 that an order fixing tax "is conclusive only as to such property as may have been returned in the inventory. . . ." The argument is circular because it assumes the existence of "property" which has no existence unless the executor is entitled to have the order fixing the tax vacated.
Moreover, the executor's argument is based upon a misreading of section 14601 The tax paid in this case was the tax on the transfer of the property listed in the probate inventory. No other property is involved.
Whether the computation was correct or not, the order of the superior court made in 1964 is res judicata as to the tax due for the transfer of that property. (See Kuchel v. Tolhurst (1952)39 Cal.2d 224, 228 [246 P.2d 41].)
The judgment is affirmed.
Kingsley, J., and Dunn, J., concurred.
A petition for a rehearing was denied December 1, 1969. *Page 521